UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WHALE CAPITAL, L.P.,** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 22-2570** |
| **CHRISTOPHER RIDGEWAY et al.** | **SECTION: "G"** |

## ORDER

Before the Court is Defendants' Christopher M. Ridgeway, Stephanie S. Ridgeway, and FS Properties of Florida, LLC (collectively, "Defendants") "Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6)."[1] Plaintiff Whale Capital, L.P. ("Whale") alleges that Defendants breached their suretyship obligation to Whale and that Defendant Christopher M. Ridgeway ("Ridgeway") deceived Whale into making loans to their joint venture business through misrepresentations on the business's operations.[2]

Whale avers that this dispute "arises out of the bankruptcy of a diagnostic laboratory company, Stone Clinical Laboratories ("SCL")" ongoing in the United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy case").[3] Whale maintains that it is one of the members of SCL and its largest creditor.[4] The Bankruptcy Court confirmed a plan of reorganization for SCL in the bankruptcy proceedings on February 3, 2023.[5] Pursuant to the

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 8 at 13.

[3] *Id.* at 1.

[4] Rec. Doc. 19 at 1.

[5] Rec. Doc. 692, *In re Stone Clinical Labs., LLC*, Case No. 21-10923 (Bankr. E.D. La. Feb. 3, 2023).

1

Bankruptcy Court's Order, Whale filed a motion for leave to supplement and amend its claims in this matter on March 8, 2022.[6]

Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending.[7] Many district courts—including this Court—routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint.[8] Although courts may address the merits of a motion to dismiss even after an amended complaint is filed, as a general rule, "if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint."[9]

The instant motion to dismiss argues that Whale lacks standing to object to or request subordination of Defendant Ridgeway's claims in the Bankruptcy Case, Whale's fraud claims have prescribed, and that Whale's breach of a surety obligation claim is premature.[10] Whale sought leave

---

[6] Rec. Doc. 19.

[7] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[8] *See Athletic Training Innovations, LLC v. eTagz, inc.*, No. 12-2540, 2013 WL 360570, at *3 (E.D. La. 2013) (Brown, J.); *see also, e.g.*, *Lee v. Ability Ins. Co.*, No. 12-17, 2012 WL 3186270, at *1 (S.D. Miss. 2012) ("The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint, which is no longer the operative pleading."); *Abb, Inc, v. Reed City Power Line Supply Co*., 2007 WL 2713731, at *1 (W.D. Mich. 2007) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); *Calloway v. Green Tree Servicing, LLC*, 559 F. Supp. 2d 543, 546 (D. Del. 2009) ("As the amended complaint has superseded the original, defendant's motion to dismiss has become moot."). *But see Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'") (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *Patton Elec. Co., Inc, v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556–58 (2d ed. 1990)).

[9] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[10] Rec. Doc. 9-2 at 1–2.

to file a supplemental complaint for declaratory relief to "make this suit consistent with the Plan of Reorganization" and moot some matters presently under consideration with Defendants' pending Motion to Dismiss.[11] The Magistrate Judge granted Whale leave to file its supplemental and amended complaint on March 22, 2023.[12] Therefore, the Court concludes that applying the pending motion to the "First Supplemental and Second Amended Complaint"[13] would cause confusion and detract from the efficient resolution of the issues.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss[14] is **MOOT**.

**NEW ORLEANS, LOUISIANA**, this  29th  day of March, 2023.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[11] Rec. Doc. 19-2 at 1–2.

[12] Rec. Doc. 21.

[13] Rec. Doc. 22.

[14] Rec. Doc. 9.