UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WHALE CAPITAL, L.P. | * | CIVIL ACTION |
| VERSUS | * | NO. 22-2570 |
| CHRISTOPHER M. RIDGEWAY, ET AL. | * | SECTION "G" (2) |

### ORDER AND REASONS

Pending before me are Defendants Christopher and Stephanie Ridgeway's Motions to Withdraw or Amend Pursuant to Rule 36(b) and Plaintiff Whale Capital, L.P.'s Motion to Compel Discovery Responses.  ECF Nos. 38, 40.  Plaintiff Whale Capital timely filed a response to Defendants' motion, but Defendants did not file a response to Plaintiff's Motion to Compel.  ECF No. 41.  Plaintiff sought leave and filed a Supplemental Memorandum addressing Defendant Christopher Ridgeway's delinquent responses.  ECF No. 44.  Although the Court has authority to grant a motion as unopposed, it is not required to do so.[1]

Having considered the record, the written submissions of counsel, and the applicable law, and finding that the motion has merit, Defendants' Motion to Withdraw or Amend is GRANTED and Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons set forth herein.

**I.  BACKGROUND**

Plaintiff Whale Capital, L.P. ("Whale") and Defendant Christopher Ridgeway ("Ridgeway") formed Stone Clinical Laboratories, LLC ("SCL"), which was managed by Ridgeway. ECF No. 22 ¶¶ 9-11.  Whale alleges it extended various loans to SCL, which Ridgeway and Stephanie Ridgeway guaranteed.  *Id.* ¶¶ 12-21.  SCL filed bankruptcy (E.D. La. Bktcy. Case

---

[1] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

1

No. 21-10923), and Whale contends that it is a member of SCL and one of its largest creditors. ECF No. 19-2 at 1.

In the First Supplemental and Second Amended Complaint, Plaintiff seeks a declaratory judgment regarding ownership interests, to assert certain claims (e.g., objection to SCL's bankruptcy schedule listing Ridgeway as an unsecured creditor and subordination[2]), and to recover on the guarantees/suretyship and for alleged fraud. ECF No. 22. Defendants filed an Answer and Counterclaim, and Plaintiff has filed a Motion to Dismiss the Counterclaim, which remains pending. ECF Nos. 25, 28.

Defendants Christopher and Stephanie Ridgeway now seek to withdraw certain deemed admissions or amend pursuant to Rule 36(b) on the basis that counsel failed to provide timely responses due to ongoing medical treatment at M.D. Anderson at that time. ECF No. 38. Defendants further argue that withdrawing the deemed admission is consistent with Rule 36. ECF No. 38-1. In response, Plaintiff indicates it was not aware of the medical treatment and with that information, has no objection to Defendants' Motion to Withdraw deemed admissions. ECF No. 41 at 3.

Plaintiff Whale Capital's Motion to Compel seeks responses to its July 7, 2023 discovery served on Defendants Christopher (34 interrogatories 28 production requests, and 40 admissions (40-2)) and Stephanie Ridgeway (17 interrogatories, 11 production requests, 5 admissions (40-3)), not delivered despite several extensions. ECF No. 40-1 at 2-3. Likewise, Plaintiff issued discovery requests to FS Properties (20 interrogatories, 15 production requests, 3 admissions and a Rule 34

---

[2] Bankruptcy Judge Grabill's February 3, 2023 Order Confirming Bankruptcy Plan determined that Whale's objection to Ridgeway's claim in bankruptcy should proceed in this matter only if the SCL liquidating trustee (Dwayne Murray) does not assert that objection in the bankruptcy case and the subordination claim may proceed in this proceeding solely with respect to acts that affected Whale individually and specifically but otherwise, the claim regarding subordination of Ridgeway's claims in the SCL bankruptcy that involve allegations of wrongful conduct affecting SCL and all its creditors generally will proceed in the bankruptcy matter; and that disputes regarding ownership of SCL would not be resolved in the bankruptcy court. *Id*. at 4-6 (citing ECF Nos. 19-4, 19-5).

2

inspection request (40-5)), and Stone Capital (20 interrogatories, 17 production requests, 13 admissions (40-6)) on August 25, 2023, and those parties likewise failed to respond. *Id*. at 3. In the Rule 37 conference, Plaintiff asked for responses by October 6, 2023, and on that date the Ridgeways filed their Motion to Withdraw or Amend, providing proposed responses to the Requests for Admission but not the Interrogatories or Requests for Production. *Id*. at 4.

None of the Defendants have filed an Opposition to Plaintiff's Motion to Compel. Plaintiff, however, filed a Supplemental Memorandum addressing late discovery responses received from Defendant Christopher Ridgeway, which arrived when Plaintiff filed its motion, arguing that Ridgeway's responses are deficient, and his objections should be overruled. ECF No. 44.

## II.   LAW AND ANALYSIS

### A.  Defendant's Motion to Withdraw or Amend

"A deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."[3] A litigant that wishes to avoid the consequences of failing to timely respond to rule 36 requests for admissions must move the court to amend or withdraw the default admissions in accordance with the standard outlined in rule 36(b), which provides in pertinent part:[4]

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. . . .

FED. R. CIV. P. 36(b).

The Court may allow a party to withdraw a deemed admission if same (1) would serve the presentation of the case on its merits, and (2) not prejudice opposing party who obtained the

---

[3] *In re Carney,* 258 F.3d 415, 419 (5th Cir. 2001) (citing *Am. Auto. Ass'n v. AAA Legal Clinic,* 930 F.2d 1117, 1120 (5th Cir, 1991) (holding district court may not *sua sponte* allow for the withdraw or amendment of admissions)).
[4] *Id.*

3

admissions. Under the first prong, the court considers whether refusing to permit withdrawal or amendment would have the practical effect of eliminating any presentation of the merits, whether the admission is contrary to the record, whether the admission is no longer true because of changed circumstances, and whether a party has made an honest error.[5] Prejudice under the second prong does not arise simply because the party who obtained the admission will now have to convince the fact finder of its truth[6] or incur costs of discovery to replace the deemed admissions.[7] Rather, the necessary prejudice relates to the difficulty a party may face in proving its case, such as the unavailability of key witnesses as a result of the sudden need to obtain evidence with respect to the questions previously answered by the admission.[8] Courts also consider the timing of the motion, the time remaining before expiration of the discovery deadline, and the diligence of the party.[9] Regardless, even if a party establishes these two factors, the court retains discretion to deny a request to withdraw an admission.[10]

Allowing Defendants to withdraw the deemed admissions in this case is proper given that the failure to timely deliver responses resulted from medical treatment of counsel. Further, it allows for resolution on the merits and does not result in prejudice.

---

[5] *Aircraft Holding Solns., LLC v. Learjet, Inc.*, 18-0823, 2021 WL 2434840, at *2 (N.D. Tex. June 15, 2021) (citing *Fakhuri v. Farmers New World Life Ins. Co.*, No. 09-1093, 2010 WL 3701575, at *2 (S.D. Tex. Sept. 16, 2010) (quoting *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) (per curiam) (unpublished opinion))).

[6] *N. La. Rehab. Ctr.*, 179 F. Supp. 2d 658, 663 (W.D. La. 2001) (quoting *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (internal citations omitted)).

[7] *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983).

[8] *Wild v. St. Tammany Par. Hosp. Serv. Dist. No. 1*, No. 19-10931, 2021 WL 6446363, at *2 (E.D. La. Mar. 30, 2021) (Guidry, J.) (citing *Express Lien, Inc. v. RoHillCo Bus. Servs. LLC*, No. 13-4889, 2014 WL 1870621, at *2 (E. D. La. May 8, 2014) (quoting *In re Carney*, 258 F.3d at 420)); *see also Fakhuri,* 2010 WL 3701575, at *2.

[9] *Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 660 (E.D.N.C. 1988) (denying withdrawal where party, with due diligence, could have accessed the information needed to respond to request for admissions yet had failed to do so*); N. La. Rehab. Ctr.*, 179 F. Supp. 2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery).

[10] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014) (citing *In re Carney*, 258 F.3d at 419-20).

### B. Plaintiff's Motion to Compel

#### 1. Scope of Discovery

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

Rule 26's advisory committee comments make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional. The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." FED. R. CIV. P. 26 advisory committee's notes to 2015 amendment. "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

#### 2. Duty to Respond to Discovery

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and explain

5

whether any responsive information or documents have been withheld.[11]  "Discovery by interrogatory requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information."[12]

Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[13] The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[14]  Where an interrogatory answer "'as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],' a party's obligation under Rule 33 is satisfied."[15]

Likewise, a party must provide full and complete responses to requests for production within thirty days after being served same unless otherwise stipulated or ordered.  FED. R. CIV. P.34(b)(2)(A).  This production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response."  FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1); FED. R. CIV. P. 34(b)(2)(B).[16]  A party responding to discovery must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control.  FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1).  For each request, the respondent must either state that the inspection or

---

[11] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).
[12] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616–17 (5th Cir. 1977).
[13] *Lopez* at 579 (citing 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013)).
[14] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).
[15] *Id.* (citing *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp.*, No. 11–542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2177 (3d ed. 2010))).
[16] A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.  *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

production will be permitted or state with specificity the grounds for objection, including the reason.  FED. R. CIV. P. 34(b)(2)(B).  If a party fails to produce documents, respond that inspection will be permitted, or permit inspection, the party seeking discovery may, on notice to other parties and certification that the parties participated in a Rule 37 conference in good faith, move for an order compelling an answer, designation, production, or inspection.  FED. R. CIV. P. 37(a).

The Federal Rules of Civil Procedure take a "demanding attitude toward objections,"[17] and courts have long interpreted the rules to prohibit general, boilerplate objections.[18]  When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."[19]  Objections interposed without also indicating whether any document or information is being withheld are improper.[20]  Responses must also clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[21]  Further, it is improper for parties responding to discovery to provide responses with the caveat that they are given "subject to and without waiving" objections.  Courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules.[22]

---

[17] 8B CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2173 (3d ed. 2021).
[18] *See, e.g.*, *Chevron Midstream Pipelines LLC v. Settoon Towing LLC,* Nos. 13-2809, 12-3197, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.") (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.") (citations omitted).
[19] FED. R. CIV. P. 34(b)(2)(C); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objs. overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).
[20] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall short of party's burden when party objected based on privilege but failed to state whether any documents were withheld or the nature of withheld documents).
[21] *Id*. (citation omitted) ("Objections that fail to provide an appropriate basis make it difficult for the parties to even informally discuss any alleged defects in a discovery request or response in hope of fixing the defects.").
[22] *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (citations omitted) ("The practice of asserting objections and then answering 'subject to' and/or 'without waiving' the objections–like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests–may have

### 3. Failure to Respond to Discovery is Improper by Defendants Stephanie Ridgeway, FS Properties and Stone Capital

Defendants Stephanie Ridgeway, FS Properties and Stone Capital have neither delivered responses nor responded to the motion to compel. Accordingly, an order granting the motion and compelling them to provide responses within 14 days is appropriate.

The Federal Rules of Civil Procedure are not mere suggestions, and Defendants Stephanie Ridgeway, FS Properties and Stone Capital are advised that strict compliance with same is expected. ***Defendants are hereby advised that further failure to comply with the Federal Rules and this Court's Orders may result in sanctions,*** including but not limited to prohibiting them from supporting or opposing designated claims or defenses, prohibiting them from introducing certain matters in evidence, striking pleadings in whole or in part, directing that certain matters be established, entry of default judgment and/or treating as contempt of court the failure to obey court order.

### 4. Defendant Christopher Ridgeway's Responses

Plaintiff argues that Defendant Ridgeway's responses are deficient and in large part non-responsive. ECF No. 44 at 2. Although Plaintiff appears to seek an order compelling full and complete responses to all of its discovery requests, it fails to address each request in dispute in its memorandum. Instead, it addresses only Defendant's objection (1) to asset discovery as premature before judgment in Interrogatory Nos. 5-19, 24 and 26 and Requests for Production Nos. 2-24, 26; (2) to relevance in Interrogatory Nos. 9, 17, 18-19, 24 and 26; (3) to equally accessible public records in Interrogatory Nos. 6, 11-13 and Requests for Production Nos. 2, 4, 8-9. Plaintiff also seeks to compel a response to an additional interrogatory requested by email regarding people with

---

developed as a reflexive habit . . . [but the practice] 'manifestly confuses (at best) and mislead[s] (at worse), and has no basis at all in the Federal Rules of Civil Procedure.'").

knowledge, which it contends was added by agreement when extending the response deadline. ECF No. 40-1 at 2-5 & n.5; ECF No. 38-2.

A proper Rule 37(a) motion to compel requires the movant to specifically and individually identify (a) each discovery request in dispute, (b) the nature and basis of the dispute as to each specified request, including an explanation of how a response is deficient or incomplete, and (c) the specific relief sought from the court as to each request.  The Court will not independently review the numerous discovery requests and responses to ferret out the alleged inadequate responses for same.  Further, the court cannot compel a response to any interrogatory in excess of Rule 33's 25-interrogatory limit served without leave of court.

Under Rule 33(a), a party may not serve more than 25 interrogatories, including discrete subparts, upon another party unless stipulated or ordered by the court.[23]  This numerical limitation on the number of interrogatories is intended to protect against potentially excessive use of interrogatories, not to prevent necessary discovery.[24]  It forces a party to narrow their requests to the important issues in the case, to avoid cumulative or duplicative requests, and to seek relevant information from more convenient, less burdensome sources, including depositions.[25]

Courts have recognized that a party receiving excessive interrogatories may respond to the "first" 25 Interrogatories that constitute discrete questions, and strike the rest.[26]  To obtain an order

---

[23] FED. R. CIV. P. 33(a)(1).
[24] *Estate of Manship v. U.S.,* 232 F.R.D. 552, 554 n.1 (M.D. La. 2005) (citation omitted), *affirmed*, No. 04-91, 2006 WL 594521 (M.D. La. Jan. 13, 2006); *Lower River Marine, Inc. v. USL-497 Barge*, No. 06-04083, 2007 WL 4590095, at *2 (E.D. La. Dec. 21, 2007); *see also* FED. R. CIV. P. 33(a) advisory committee's note to 1993 amendment ("The aim is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device.").
[25] *King v. Univ. Healthcare Sys., L.C.*, No. 08-1060, 2008 WL 11353694, at *2 (E.D. La. Oct. 31, 2008) (Wilkinson, M.J.).
[26] *Stephens v. Fla. Marine Transps. Inc.*, No. 12-1873, 2013 WL 12120393, at *3 (E.D. La. Feb. 21, 2013) (Roby, M.J.) (citing *Lower River Marine, Inc.*, 2007 WL 4590095, at *2; *Paananen v. Cellco P'ship*, No. 08-1042, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) ("The best rule . . . is that a responding party must answer the first 25 interrogatories.")).

compelling responses to additional interrogatories, Plaintiff must first obtain leave to serve additional interrogatories to the extent consistent with Rule 26(b)(1) and (2).[27] In assessing a request for leave, the court considers the factors listed in Rule 26(b)(2)(C) to determine the existence of good cause to exceed the limit.[28] "Frequently, the issue becomes whether the requesting party has adequately shown that the benefits of additional interrogatories outweigh the burden to the opposing party."[29] This balancing test weighs in favor of the requesting party where the additional interrogatories are substantially relevant to the claims made in the litigation, and the burden of responding is not high.[30] Accordingly, the request to compel responses to Interrogatory Nos. 26 – 34 and the additional interrogatory requested via email must be denied. To the extent, however, that any of the information sought via the excessive interrogatories falls within the parameters of Rule 26(a)(1)'s initial disclosures, the information must be provided without regard to the interrogatory.

The Court will now address the alleged deficiencies in the discovery requests identified and briefed by Plaintiff in its Supplemental Memorandum.

    a.    <u>Relevance</u>

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[31] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial. Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[32] At the discovery stage, relevance includes "[a]ny matter that bears on,

---

[27] FED. R. CIV. P. 33(a); *see also* E.D. La. L.R. 33.1.
[28] *June Medical Servs., LLC v. Rebekah Gee*, No. 16-444, 2018 WL 9946296, at *1 (M.D. La. Sept. 25, 2018) (citing *Manship,* 232 F.R.D. at 558-59).
[29] *Id*.
[30] *Id*. at 3.
[31] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[32] *Id.* n.5 (citation and quotation omitted).

10

or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[33] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[34] If relevance is in doubt, the court should be permissive in allowing discovery.[35]

Having failed to respond to the motion, Defendant has not satisfied this burden to demonstrate that the information sought in Interrogatory Nos. 9, 17-19, and 24 can have no conceivable relevance to any claim or defense. Accordingly, Defendant's relevance objections to these Interrogatories are overruled.

      b.     <u>Financial Information</u>

Although facts about the financial status of a party are generally not discoverable before obtaining a judgment against the party,[36] such discovery is allowed when relevant to any claim or defense and proportionate to the needs of the case.[37] For instance, pre-judgment discovery of a

---

[33] *Id.* (citations omitted).

[34] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *3 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).

[35] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'r, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).

[36] *F.T.C. v. Turner*, 609 F.2d 743, 745 (5th Cir. 1980) (citation omitted) (noting that a private plaintiff may not discover an opponent's assets until after a judgment against the opponent has been rendered); *Seabulk Towing, Inc. v. Oceanografia S.A. de C.V.*, Misc. No. 01-3791, 2002 WL 1837855, at *1 (E.D. La. Aug. 8, 2002) (rejecting pre-judgment asset discovery) (citing FED. RULE CIV. P. 26(b)(2) Advisory Committee's Note, 1970 amendments; and 8 WRIGHT, MILLER AND MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2010 (2d ed. 1994)).

[37] *See, e.g., Liebmann v. Goden*, 629 F. Supp. 3d 314, 331 (D. Md. 2022) (noting that discovery into a defendant's assets or ability to satisfy a judgment is appropriate post-judgment discovery pursuant to Federal Rule of Civil Procedure 69(a)(2), but not pre-judgment) (citation omitted), *aff'd sub nom. Rullan v. Goden*, No. 22-2099, 2023 WL 4787463 (4th Cir. July 27, 2023); *Corizon Health, Inc. v. CorrecTek, Inc.*, No. 17- 35, 2017 WL 7693390, at *3 (W.D. Ky. Dec. 12, 2017) (quoting *Dickson v. Nat'l Maint. & Repair of Ky., Inc.*, No. 08-8, 2011 WL 2610195, at *2 (W.D. Ky. July 1, 2011)) (stating that Rule 26 ordinarily "will not permit the discovery of facts concerning a defendant's financial status or ability to satisfy a judgment, such matters are not relevant, and cannot lead to the discovery of admissible evidence"); *see also In re Classicstar Mare Lease Litig.*, MDL No. 1877, 2009 WL 1313311, at *3 (E.D. Ky. May 12, 2009) (finding that present financial condition and location of assets was not discoverable prior to judgment and was not a proper focus of prejudgment discovery under Rule 26); *Equinox Gallery Ltd. v. Dorfman*, No. 17-0230, 2018 WL 637764, at *1 (S.D.N.Y. Jan. 22, 2018) (citation & internal quotation marks omitted).

party's assets is commonly allowed as relevant where there is a claim for punitive damages,[38] alter ego,[39] or pre-judgment attachment.[40]

While Defendant object on the basis that the requests are premature post-judgment asset discovery, Plaintiff argues that it seeks the information to determine whether Defendants have conducted sham transactions to deprive it of security under the guaranty agreement and/or alter ago issues. ECF No. 44 at 3-4. Defendant bears the burden to establish that the information sought could have "no possible relevance" to any claim in this case. Having failed to respond to the motion, Defendant has not satisfied this burden. Accordingly, Defendant's objections on the basis of pre-judgment asset discovery in Interrogatory Nos. 5-19, and 24 and Requests for Production Nos. 2-24, 26 are overruled.

      c.     <u>Equally Accessible</u>

The mere fact that responsive information is publicly available does not prevent its discovery. "[E]ven if a document is publicly available or in the opposing party's possession, a party must still disclose it under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses."[41] The critical issue is whether the documents are within the actual or constructive possession, custody or control of the responding party.[42] Absent a proportionality objection, which

---

[38] *Jackson v. Wilson Welding Serv., Inc.*, No. 10-2843, 2011 WL 5024360, at *2 n.2 (E.D. La. Oct. 20, 2011) (recognizing propriety of financial worth discovery based on punitive damages claim) (citations omitted); *see also Wade v. Sharinn & Lipshie, P.C.*, No. 07-2838, 2009 WL 37521, at *1 (E.D.N.Y. Jan. 7, 2009) (permitting pretrial disclosure of financial information relevant to a determination of punitive damages); *Gersh v. Anglin*, No. 17-50, 2021 WL 461570, at *2 (D. Mont. Feb. 9, 2021) (noting that pre-judgment asset discovery is proper when complaint alleges malice and seeks punitive damages).
[39] *See, e.g., Mack Energy Co. v. Red Stick Energy, L.L.C.*, No. 16-1696, 2019 WL 3403369 (W.D. La. July 26, 2019).
[40] *See, e.g., Equinox Gallery*, 2018 WL 637764, at *2 (listing cases permitting pre-judgment asset discovery).
[41] *See Martino v. Kiewit N.M. Corp.*, 600 F. App'x 908, 911 (5th Cir. 2015).
[42] *Simpson v. Hexion Specialty Chems.*, No. 06-798, 2007 WL 9710857, at *6 (M.D. La. Sept. 19, 2007) ("[T]o the extent plaintiffs have ... 'publicly available' documents in their possession, custody or control and they are relying upon them in support of their claims in this litigation, they have an obligation to produce them to the defendants."); *see also Phillips v. Hanover Ins. Co.,* No. 14-871, 2015 WL 1781873, at *2 n.1 (W.D. Okla. Apr. 20, 2015) ("Courts consistently hold that parties have an obligation to produce even publicly available information.") (collecting cases).

must be supported with evidence, a responding party must produce even publicly available information that it has in its actual or constructive possession, custody or control.

Accordingly, Defendant's objections that information is equally accessible in Interrogatory Nos. 6, 11-13 and Requests for Production Nos. 2, 4, 8-9 are overruled.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants Christopher and Stephanie Ridgeway's Motions to Withdraw or Amend Pursuant to Rule 36(b) (ECF No. 38) is GRANTED.

IT IS FURTHER ORDERED that Whale Capital, L.P.'s Motion to Compel Discovery Responses (ECF No. 40) is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Defendants Stephanie Ridgeway, FS Properties and Stone Capital must provide full and complete responses to Plaintiff's discovery requests within 14 days of this Order.

IT IS FURTHER ORDERED that Defendant Christopher Ridgeway's objections based on relevance, pre-judgment discovery and equal accessibility are OVERRULED, and Defendant Ridgeway must provide full and complete supplemental discovery responses to the discovery requests except Interrogatory Nos. 26 and over within 14 days of this Order.

New Orleans, Louisiana, this  2nd  day of November, 2023.

DONNA PHILLIPS CURRAULT<br>
UNITED STATES MAGISTRATE JUDGE