UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WHALE CAPITAL, L.P. | * | CIVIL ACTION |
| VERSUS | * | NO. 22-2570 |
| STEPHANIE S. RIDGEWAY, ET AL. | * | SECTION "P" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Whale Capital, L.P.'s Motion to Fix Attorneys' Fees ECF No. 66. Defendant FS Properties of Florida, LLC failed to file an Opposition Memorandum. No party requested oral argument, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Fix Attorneys' Fees (ECF No. 66) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.   **BACKGROUND**

On November 2, 2023, the undersigned granted in part Plaintiff Whale Capital, L.P.'s unopposed Motion to Compel Discovery Responses, including a property inspection, overruling Defendants' relevance objections and ordering Defendants to comply within 14 days. *See* ECF Nos. 40, 45. On December 5, 2023, after Defendant FS Properties of Florida, LLC refused to permit a property inspection, Plaintiff filed a second Motion to Compel. ECF No. 48. The parties timely filed Opposition and Reply Memoranda. ECF Nos. 57, 60. Defendants requested and were granted oral argument. ECF No. 58, 59. A hearing was held on January 10, 2024, during which this Court granted Plaintiff's Motion to Compel Property Inspection and assessed reasonable fees and costs incurred by Plaintiff against Defendant FS Properties of Florida, LLC. *See* ECF Nos 48, 57-62. As instructed, Plaintiff filed this Motion to Fix Attorneys' Fees and seeks to recover $3,300.00 in attorneys' fees. ECF No. 66-1 at 2. Plaintiff contends that it reached this figure using the lodestar method and *Johnson*

1

factors. *Id*. Defendant FS Properties of Florida, LLC did not file an Opposition Memorandum to the Motion to Fix Attorneys' Fees.

## II. APPLICABLE LAW AND ANALYSIS

### A. The Lodestar Method

Federal courts typically use the "lodestar method" as a guide to determine attorneys' fee awards, which provides "an objective basis to make an initial estimate of the value of a lawyer's services."[1] In diversity cases, state law controls both the award and reasonableness of fees,[2] and Louisiana courts' methodology is similar to the lodestar method.[3] The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees and must provide adequate documentation of the hours expended and demonstrate the use of billing judgement.[4]

Louisiana courts have identified ten factors to determine reasonableness of attorneys' fees: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of litigation; (4) the amount of money involved; (5) the extent and character of worked performed; (6) the attorney's legal knowledge, attainment and skill; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel, and, (10) the court's own knowledge.[5] Once the lodestar has been determined, the court must consider the weight and applicability of the twelve *Johnson* factors.[6] If the *Johnson* factors warrant an adjustment, the court may make modifications

---

[1] *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), *superseded by statute on other grounds, Prison Litigation Reform Act,* 42 U.S.C. § 1997e.
[2] *Mathis v. Exxon Corp.*, 302 F.3d 448, 461-62 (5th Cir. 2002).
[3] *See, e.g., Covington v. McNeese State Univ.,* 2012-2182 (La. 5/7/13); 118 So. 3d 343 (finding no abuse of discretion in district court's fee award, which award was calculated under the lodestar method).
[4] *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995) (citations omitted).
[5] *State v. Williamson*, 597 So. 2d 439, 442 (La. 1992) (citing *State v. Jacob*, 491 So.2d 138 (La. App. 3d Cir. 1986); *State v. Ransome*, 392 So. 2d 490 (La. App. 1st Cir. 1980)).
[6] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91-93 (1989); *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993) (citations omitted). The twelve factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

upward or downward to the lodestar.[7] "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account."[8] The lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances.[9]

### B. **Lodestar Calculation**

#### 1. **Reasonable Hourly Rate**

In determining the reasonable hourly rate, the court is not bound by the amount charged by the attorney.[10] Rather, the "appropriate hourly rate . . . is the market rate in the community for this work."[11] The rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'"[12] Satisfactory evidence of the reasonableness of the rate includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.[13]

Plaintiff seeks to recover an hourly rate of $375 for 8.8 hours of work completed by attorney Anders Holmgren. *See* ECF No. 66-2 at 2. If the hourly rate sought is not opposed, it is *prima facie* reasonable.[14] Defendant did not oppose Plaintiff's motion, and thus, the hourly rate of $375 is deemed

---

[7] *Watkins*, 7 F.3d at 457 (citation omitted).
[8] *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 319–20 (5th Cir. 1993)).
[9] *Watkins*, 7 F.3d at 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).
[10] *Village Shopping Ctr. P'ship v. Kimble Dev. LLC.,* 287 So.3d 882, 19-238 (La. App. 5 Cir. 12/30/19); [10] *St. Blanc v. Stabile*, 114 So. 3d 1158, 1160 (La. App. 5 Cir. 4/24/13) (citing *Jackson Square Towne House Home Ass'n, Inc. v. Hannigan*, 867 So. 2d 960, 965–66 (La. App. 2 Cir. 3/3/04)).
[11] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)); *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)) (stating that "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community'"); *Louisiana Power & Light Co.*, 50 F.3d at 328 ("To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates.").
[12] *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13-454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum,* 465 U.S. at 895).
[13] *Blum*, 465 U.S. at 895 n.11; *Int'l Transp. Workers Fed'n*, 2013 WL 5329873, at *3; *Creecy v. Metro. Prop. & Cas. Ins. Co.,* 548 F. Supp. 2d 279 (E.D. La. 2008).
[14] *Kellstrom*, 50 F.3d at 328 (citation omitted); *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990) (citation omitted); *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citation omitted) (holding that attorney's requested hourly rate is *prima facie* reasonable when it is the customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested).

*prima facie* reasonable. The court, however, expressly notes that it makes no determination of whether the hourly charged rate is reasonable within the community.

## 2. Documentation of Hours Reasonably Expended and Billing Judgment

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgment.[15] Only work of a legal nature is compensable.[16] Travel time is allowed at 50% of the hourly rate in the absence of documentation that any legal work was accomplished during travel time.[17]

The party seeking fees must also demonstrate the exercise of billing judgment, which refers to the usual practice of writing off unproductive, excessive, or redundant hours.[18] "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off."[19] The burden is on the party seeking the fee award to prove that they exercised billing judgment.[20] "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment."[21] As an alternative to a percentage reduction, the court may exclude hours that were not reasonably expended

---

[15] *Creecy,* 548 F. Supp. 2d at 286 (citing *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 822 (5th Cir. 1997); *Walker v, U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996)); *see also Hensley*, 461 U.S. at 433 (stating party seeking fees bears burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).

[16] Work of a legal nature includes "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).

[17] *See, e.g.*, *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993).

[18] *Walker v. H.U.D..*, 99 F.3d at 770.

[19] *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990) (citation omitted), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990).

[20] *Walker v. H.U.D.*, 99 F.3d at 770 (citation omitted).

[21] *Id.*; *see also United States ex rel McNeil v. Jolly*, 451 F. Supp. 3d 657, 670 (E.D. La. 2020) ("If a party fails to provide sufficient evidence of billing judgment, the proper remedy is 'a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.'") (citing *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)); *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. H.U.D.*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'").

and/or conduct a line-by-line analysis of billings.[22] "[T]he district court is not required 'to achieve auditing perfection,' as '[t]he essential goal in shifting fees (to either party) is to do rough justice.'"[23] The court need not explicitly calculate the lodestar to make a reasonable award.[24]

Plaintiff seeks to recover 3.9 hours for drafting, revising, and filing its motion to compel, 3.5 hours for outlining, drafting, revising, and filing its reply memorandum, and 1.4 hours for oral argument preparation and attendance. *See* ECF No. 66-2 at 3-4. These requests reflect the exercise of *some* billing judgment; although counsel billed a total of 13.1 hours, Plaintiff seeks to recover for only 8.8 hours of work. *Id.* Further, the record reflects that counsel requested less time than that actually expended finalizing and filing Plaintiff's memoranda, traveling to and from the hearing, and attending same (reduced from 6.5 to 4.2). Counsel also wrote off the time expended preparing for and attending the Rule 37 conference, outlining the motion to compel, and reviewing Defendant's opposition (2 hours eliminated).

Despite these reductions, the court finds that the 8.8 hours requested, although "directly connected to the motion to compel,"[25] are somewhat excessive. Plaintiff seeks compensation for 3.9 hours' of attorneys' fees incurred in drafting, revising, and finalizing its 7-page December 5, 2023 motion to compel.[26] Plaintiff further requests compensation for 3.5 hours spent outlining, revising, and finalizing its 4-page reply memorandum.[27] In other words, Plaintiff seeks compensation for 7.4 hours of attorney time incurred in drafting memoranda in support of its motion to compel.

---

[22] *See Fleming,* 2021 WL 4908875, at *5 (citing *Hensley*, 461 U.S. at 434; *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002)).
[23] *DeLeon v. Abbott*, 687 F. App'x 340, 343 (5th Cir. 2017) (quotation and citations omitted).
[24] *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 500–01 (citing *Wegner v. Standard Ins. Co., 129 F.3d 814, 822-23* (5th Cir. 1997)).
[25] *Leblanc v. Fed Ex Ground Package System, Inc.*, No. 19-13274, 2021 WL 5994966 at *3 (E.D. La. Apr. 12, 2021) (citations omitted) (awarding costs for time spent in preparing and filing motion as well as required Rule 37 conference); *see also Stagner v. W. Kentucky Navigation, Inc*., No. 02-1418, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004) ("However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel.").
[26] *See* ECF No. 66-2 at 3.
[27] *Id*. at 4; ECF No. 60 at 1-4.

5

Given the routine nature of a motion to compel and the fact that Plaintiff previously obtained an order compelling inspection, the court finds that a further reduction of the hours spent on Plaintiff's memoranda is necessary. While the 3.9 hours spent on Plaintiff's initial memoranda is reasonable, 3.5 hours for a 4-page reply memorandum, two pages of which unnecessarily address the merits of the claim, is not. The reply memorandum should not have taken more than 1.5 hours. Accordingly, Plaintiff shall be compensated 5.4 hours for the fees incurred with the drafting and filing of its supporting memoranda. A review of the entries associated with the time spent on oral argument preparation and attendance, however, reflects that the 1.4 hours requested for that work is reasonable, resulting in a total of 6.8 hours in connection with the underlying motion to compel, reply memorandum, and oral argument. At a rate of $375 an hour, the lodestar amount totals $2,550.00.

### C. Adjusting the Lodestar

The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Whale Capital, LP's Motion for Attorneys' Fees (ECF No. 66) is GRANTED IN PART AND DENIED IN PART. Plaintiff is awarded reasonable attorneys' fees in the amount of $2,550.00.

New Orleans, Louisiana, this \_\_15th\_\_ day of February, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE