UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WHALE CAPITAL, L.P. | * | CIVIL ACTION |
| VERSUS | * | NO. 22-2570 |
| STEPHANIE S. RIDGEWAY, ET AL. | * | SECTION "P" (2) |

## ORDER AND REASONS

Pending before me on an expedited basis is Defendants Christopher M. Ridgeway, Stephanie S. Ridgeway, and FS Properties of Florida, LLC's Motion to Compel.  ECF No. 76. The parties timely filed Opposition and Reply Memoranda.  ECF No. 79, 82.  Defendants requested oral argument, but oral argument is unnecessary to resolve the motion.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion to Compel  (ECF No. 76) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.    BACKGROUND

Plaintiff Whale Capital, L.P. ("Whale") and Defendant Christopher Ridgeway formed Stone Clinical Laboratories, LLC ("SCL"), which was managed by Ridgeway.  ECF No. 8 ¶¶ 8-9. Whale alleges it extended various loans to SCL, which Ridgeway and Stephanie Ridgeway guaranteed. ECF No. 22*.* ¶¶ 12-13, 19-21.  Whale and two other creditors of SCL filed an involuntary bankruptcy proceeding against SCL (E.D. La. Bktcy. Case No. 21-10923). *Id.* ¶¶ 35-38.  Whale asserts surety claims against Ridgeway, Stephanie Ridgeway, and FS Properties of Florida, fraud claims against Ridgeway, an objection to Ridgeway's proof of claim in the related bankruptcy, an equitable subordination claim against Ridgeway, and a declaratory judgment that Whale Capital owns 47% equity in SCL. *Id.* ¶¶41-52, 53-67, 68-72, 73-78, 79-92.  In response,

Defendants Ridgeway, Stephanie Ridgeway, FS Properties of Florida, and SCL filed counterclaims for loss of investment and compensation for Whale's alleged failure to apprise Ridgeway of Michael Whalen's criminal background.  ECF No. 25 ¶¶ 1-22 at 13-17.

Defendants now seek to compel (1) identification of documents responsive to particular interrogatories and requests, (2) production of certain documents requested from Michael Whalen, "sole owner and member of Whale Capital, L.P."; and (3) production of tax and corporate records for Plaintiff and Whalen.  Defendants assert that Whale responded with a "document dump" rather than production of documents as kept in the usual course of business or categorized in response to particular requests.  ECF No.  76-1 at 3-4.

In Opposition, Whale argues that it produced a large number of documents because Defendants served a large number of document requests, and that its production complies with Rule 34 as the documents were produced in a clear, organized manner.  ECF No. 79.  Whale further asserts that its relevance objections to requests seeking Michael Whalen's personal financial documents are proper because Whalen is not a party to this litigation, there has been no assertion that he is plaintiff's alter ego, and Whale has not withheld any responsive documents on the theory that they belong to Whalen as a "non-party."  *Id.* at 4-5.  Whale also contends that Defendants have failed to establish the relevance and compelling need for its tax records, its corporate documents have no relevance to this case, and Defendants have no right to inquire into "any and all" of Michael Whalen's criminal history.  *Id*. at 5-11, 11-12.

In Reply, Defendants reiterate that Whale's document production fails to comply with Rule 34, assert that Michael Whalen is the "sole proprietor" of Whale, not a partner, and Whale has not produced corporate documents reflecting otherwise, and contends that Whale's opposition conflates the irrelevance of documents with their sensitive and confidential nature.  ECF No. 82.

Defendants also argue that Whale's production of documents in other proceedings does not obviate the need for responses to Defendants' production requests in this case. *Id.* at 4.

## II.   APPLICABLE LAW

### A.   Scope of Discovery

Under Rule 26, a party "may obtain discovery regarding any  nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1).  The court must limit the extent of allowable discovery if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).  FED. R. CIV. P. 26(b)(2)(C).

The party moving to compel discovery bears the burden of establishing that the materials requested are within the permissible scope of discovery, after which the burden shifts to the opposing party to show why the discovery is irrelevant and should not be permitted.[1]  If a party resists discovery on the grounds of proportionality, it bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s proportionality calculation by coming

---

[1] *Wymore v. Nail*, No. 14-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016) ("Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections.") (citation omitted); *Tingle v. Hebert*, No. 15-626, 2016 WL 7230499, at *2 (M.D. La. Dec. 14, 2016) ("'[T]he moving party bears the burden of showing that the materials and information sought are relevant to the action. . . .'") (citation omitted); *Davis v. Young*, No. 11-2309, 2012 WL 530917, at *3 (E.D. La. Feb. 16, 2012) (same) (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

forward with specific information regarding the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[2]   Similarly, when a party claims a discovery request imposes an undue burden or expense, that party is typically in the best position to explain why, while the party claiming the information is necessary and relevant should be able "to explain the ways in which the underlying information bears on the issues as that party understands them."[3] Then, with all information provided by the parties, the court must "consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery."[4]

**B.  Duties in Responding to Discovery Requests**

**1.  Full and Complete Responses**

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and explain whether any responsive information or documents have been withheld.[5]   "Discovery by interrogatory requires candor in responding. . . .  The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information."[6]

Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive

---

[2] *Lou v. Lopinto*, No. 21-80, 2022 WL 1447554, at *4 (E.D. La. Mar. 24, 2022) (citing *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016)).
[3] FED. R. CIV. P. 26, advisory committee's notes to 2015 amendment.
[4] *Id.*
[5] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).
[6] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616–17 (5th Cir. 1977).

4

information reasonably available and provide the responsive, relevant facts reasonably available.[7]

Pursuant to Rule 33(d):

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> > (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . .[8]

A reference to business records must be provided with specificity and sufficient detail; it is improper for a party to cite such records *in toto*.[9]

The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[10]   Where an interrogatory answer "'as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],' a party's obligation under Rule 33 is satisfied."[11]   Although Rule 26(e) imposes an obligation to supplement responses,[12] that provision does not provide "an extension of the deadline by which a party must deliver" its information.[13]   Rather, the basic purpose of this rule is to prevent

---

[7] *Lopez* at 579 (citing 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013)).

[8] FED. R. CIV. P. 33(c) (emphasis added).

[9] *KeyBank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, No. 09-497, 2011 WL 765925, at *3  n.14 (M.D. La. Feb. 25, 2011) ("Rule 33(d)(1) requires that answers using the business records option must specify the records to be reviewed in enough detail so that the interrogating party can locate and identify them as easily as the responding  party.  Thus, it is improper to direct the interrogating party to a mass of business records or offer to make all of the party's business records available.") (citations omitted).

[10] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).

[11] *Id.* (citing *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp.*, No. 11–542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2177 (3d ed. 2010))).

[12] *Berenson v. Adm'r s of Tulane Univ. Educ. Fund*, No. 17-329, 2017 WL 6372831, at *3 (E.D. La. Dec. 13, 2017); *see also Moore v. BASF Corp*., No. 11-1001, 2012 WL 12990571, at *2 (E.D. La. May 2, 2012).

[13] *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co*., 73 F.3d 546, 571 (5th Cir. 1996); *see also Van Baelen v. Sabine Transp. Co*., No. 00-2155, 2001 WL 474273, at *2 (E.D. La. May 2, 2001) (Clement, J.) (noting that Rule 26(e)'s duty to supplement does not enable a party to circumvent Rule 26(a)'s deadlines or a court's scheduling order).

prejudice and surprise.[14]   Accordingly, the obligation to supplement does not excuse untimely discovery responses.

Likewise, a party must provide full and complete responses to requests for production within thirty days after being served same unless otherwise stipulated or ordered.  FED. R. CIV. P. 34(b)(2)(A).  This production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response."  FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1); FED. R. CIV. P. 34(b)(2)(B).[15]  For each request, the respondent must either state that the inspection or production will be permitted or state with specificity the grounds for objection, including the reason.  FED. R. CIV. P. 34(b)(2)(B).  If a party fails to produce documents, respond that inspection will be permitted, or permit inspection, the party seeking discovery may, on notice to other parties and certification that the parties participated in a Rule 37 conference in good faith, move for an order compelling an answer, designation, production, or inspection.  FED. R. CIV. P. 37(a).

### 2.  Possession, Custody or Control

A party responding to discovery must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control.  FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1).  A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.[16]  Thus, documents owned or possessed by agents, attorneys, hired consultants and other third parties hired by a party that the

---

[14] *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).

[15] A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.  *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

[16] *Becnel*, 2018 WL 691649, at *3 (citations omitted); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

party can reasonably obtain the requested information from upon its own request fall within that party's custody or control.[17]

The burden is on the party seeking discovery to show that the other party has control over the material sought.[18] To establish control over documents in the possession of a non-party, the movant must typically show that there is "a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession."[19] Factors to consider in determining whether a party has "control" of materials include whether the party could secure the materials from the non-party to meet its own business needs or whether, by virtue of stock ownership or otherwise, the party effectively controls the other entity.[20]

## III. ANALYSIS

### A. Interrogatories

Defendants seek to compel production and identification of the documents referenced in response to Interrogatories Nos. 5 and 6:

> **INTERROGATORY NO. 5:** Please identify all facts that you contend support your fraud claim against each defendant.
>
> **ANSWER:** Please see the allegations contained in the first supplemental and second amended complaint. Further support for these allegations is contained in the documents being produced. For additional information and/or clarification, please see Whale Capital's briefing in opposition to the defendants' Rule 12 motion to dismiss.

---

[17] *Becnel*, 2018 WL 691649, at *3 (" 'Control' ... extends to materials which the party to whom the request is made has the legal right to obtain ..., even though in fact it has no copy.") (brackets in original) (citing cases); *Dillard Univ. v. Lexington Ins. Co.*, No. 06-4138, 2008 WL 11350306, at *1 (E.D. La. Mar. 27, 2008) (Materials provided by the party to its hired consultants may be within that party's possession, custody, or control) (collecting cases).

[18] *Washington-St. Tammany Elec. Coop., Inc. v. Louisiana Generating, L.L.C.*, No. 17-405, 2019 WL 1804849, at *7 (M.D. La. Apr. 24, 2019) (citation omitted).

[19] *S. Filter Media, LLC v. Halter*, No. 13-116, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014) (citations omitted).

[20] *Benson v. Rosenthal*, No. 15-782, 2016 WL 1046126, at *4 (E.D. La. Mar. 16, 2016) (citations omitted) (noting that, "under some circumstances courts interpret the control concept to go beyond whether the litigant has a legal right to obtain materials and focus on practical ability to obtain them.").

**INTERROGATORY NO. 6:** Please identify all facts on which you base your contention that Whale Capital, LP and/or Michael Whalen was deceived by Ridgeway.

**ANSWER:** Please see the allegations contained in the first supplemental and second amended complaint. Further support for these allegations is contained in the documents being produced. For additional information and/or clarification, please see Whale Capital's briefing in opposition to the defendants' Rule 12 motion to dismiss.

Whale's reference to its pleadings and memoranda are improper. Complaints and briefs are not verified and thus do not provide admissible evidence as does an interrogatory response. Verifications attest to the truth and accuracy of the information, and verified interrogatory responses are critical because "interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay (FED. R. EVID. 801(d)(2)), than an answer to an interrogatory."[21] Further, Rule 33 does not contemplate reference to pleadings or briefs in lieu of providing a full and complete response.[22]

Whale's vague reference to "documents being produced" is likewise improper and unresponsive. Although Rule 33(c) permits parties to produce business records in response to an interrogatory, such records must be specifically identified "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." FED. R. CIV. P. 33(c). Reference to "documents being produced" *in toto* lacks such specificity. Whale

---

[21] *Melius v. Nat'l Indian Gaming Comm'n*, No. 98–2210, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000) (emphasis added); *accord Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008).

[22] FED. R. CIV. P. 33(c); *see also Continental Ill. Nat. Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682 (D. Kan. 1991) (holding that interrogatory responses, which merely contained non-specific references to pleadings and depositions, were insufficient); *Unal v. Los Alamos Public Schools*, No. 13-367, 2013 WL 12204176, at *6-7 (D.N.M. Dec. 4, 2013) (deeming insufficient interrogatory response that merely refers to initial disclosures); *Wilson v. Wal-Mart Stores, Inc*., No. 15-1791, 2016 WL 526225, at *5 (D. Nev. Feb 9, 2016) (noting that a party's reference to its initial disclosures renders its response to the interrogatory in question incomplete); E*qual Rights Center v. Post Properties, Inc.,* 246 F.R.D. 29, 35 (D.D.C. 2007) ("[I]t is technically improper and unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories.").

must supplement its responses to list the facts in support of the claims identified and/or to identify, with specificity, which records provide full and complete answers to Interrogatories Nos. 5 & 6.

## B. **Manner of Document Production**

A party responding to a Rule 34 request must either produce documents "as they are kept in the usual course of business" or "must organize and label them to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i). This rule is intended to prevent parties from hiding "a needle in a haystack" and to minimize the costs associated with discovery.[23] A party cannot invoke Rule 34's "usual course of business exception" if that party's record-keeping system is "so deficient as to undermine the usefulness of the production."[24] Regardless of which option is taken, Rule 34 requires the producing party to turn over the documents "in an organized, comprehensible arrangement—either by specifically indexing each document to the request to which it was responsive, or, failing that, by turning over the documents with the business's filing system or other organizational structure still intact and useable by the requesting party."[25]

Whale does not assert that it produced the requested documents as they are kept in the usual course of business. Instead, it argues compliance with Rule 34 by producing the documents organized into "15 neat, logical, and labeled folders (with labeled subfolders in many cases)." ECF No. 79 at 3. The screen capture exhibit reflects the organized nature of the document production. Although Whale did not identify which of the 149 requests a given folder addressed, it produced

---

[23] *United States v. Bollinger Shipyards, Inc.*, No. 12-920, 2015 WL 13529562, at *3 (E.D. La. Apr. 13, 2015) (citing *Hagemeyer N. Am., Inc. v. Gateway Data Sciences Corp.*, 222 F.R.D. 594, 598 (E.D. Wisc. 2004)).

[24] *Id.* (citing *Mizner Grand Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, 270 F.R.D. 698, 700 (S.D. Fla. 2010) (citing *Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 336 n.2 (N.D.N.Y. 2008)); *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091, 2009 WL 291160, at *2 (S.D. Fla. Feb. 5, 2009) (holding that party exercising option to produce records as kept in the usual course of business must organize them in a manner that enables the requesting party to obtain, with reasonable effort, the documents responsive to their requests))).

[25] *Id.* (citing *Anderson Living Trust v. WPX Energy Prod., LLC*, 298 F.R.D. 514, 522 (D.N.M. 2014). *See also SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 411 (S.D.N.Y. 2009) ("The key to this dichotomy is the assumption that in either case the documents will be organized....")).

9

the documents in an organized, comprehensible arrangement akin to how such documents would likely be kept in the usual course of business.  This organized production does not equate to a "document dump" that obscures the significance of potentially critical documents,[26] and therefore, does not run afoul of Rule 34.

### C.  Specific Relevance Objections

Defendants ask the court to overrule Whale's relevance objections to certain requests:

**REQUEST FOR PRODUCTION NO. 1:**  Please produce all tax returns and schedules for Whale Capital, LP for the years ending December 31, 2016, through December 31, 2022.

**RESPONSE:**  Whale Capital objects to this request on the grounds that it seeks confidential and private financial information that lacks any relevance to the present matter.

Whale's relevance objection is sustained.  While tax records are neither privileged nor undiscoverable,[27] courts are reluctant to order the disclosure of tax records because they are considered "highly sensitive documents."[28]  To determine whether tax records should be produced, the moving party must "demonstrate both: (1) that the requested tax information is 'relevant' to the subject matter of the action; and (2) that there is a 'compelling need' for the information because the information contained in the tax records is not 'otherwise readily obtainable' through alternative forms of discovery."[29]

---

[26] *Compare with Source Network Sales & Mktg., LLC v. Jiangsu Mega Motor Co.*, No. 16-1202, 2017 WL 7596913, at *4 (N.D. Tex. May 15, 2017) (ordering party to amend responses where it produced thousands of Bates numbered pages with no meaningful categorization or identification) (citing FED. R. CIV. P. 34 advisory committee's note to 1980 amendment; *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 584 (C.D. Cal. 2011) ("Rule 34 is generally designed to facilitate discovery of relevant information by preventing attempts to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents.") (citation omitted)).

[27] *F.D.I.C v. LeGrand,* 43 F.3d 163, 172 (5th Cir. 1995).

[28] *Tate v. DG Louisiana LLC*, 656 F. Supp. 3d 316, 320-21 & n.13 (E.D. La. 2023) (citing *Nat. Gas Pipeline Co. v. Energy Gathering, Inc.,* 2 F.3d 1397, 1411 (5th Cir. 1993)).

[29] *Id*. (citing *Butler v. Exxon Mobil Refin. & Supply Co.,* No. 07-386, 2008 WL 4059867, at *2 (M.D. La. Aug. 28, 2008) (citing *Nat. Gas Pipeline Co*., 2 F.3d at 1411)).

Defendants contend that access to six years' of Whale's tax returns is necessary to determine whether Whale's contributions to SCL were treated as loans or equity, to identify losses or other treatment of the alleged contribution, and to identify all owners and officers of the company.  As to the first two reasons, Defendants have failed to establish how Whale's categorization of contributions to SCL in its tax returns has any bearing on any claim or counterclaim at issue in this litigation.  As to the third stated need (identification of all owners and officers of the company), such information is otherwise readily obtainable through alternative discovery methods.  Accordingly, Whale's relevance objection is sustained.

> **REQUEST FOR PRODUCTION NO. 2:** Please produce all tax returns, including schedules, by and for Michael Whalen, for the period of the years ending December 31, 2016, through December 31, 2022.

> **RESPONSE:** Whale Capital objects to this request on the grounds that it seeks confidential and private financial information that lacks any relevance to the present matter. Further responding, Whale Capital objects that Michael Whalen is not a party and has never been a member of SCL.

Although Defendants have asserted a counterclaim against Whale for the alleged detrimental effect of Michael Whalen's criminal history on SCL's ability to obtain financing,[30] Defendants have not raised veil piercing/*alter ego* claims against Whalen himself.  Accordingly, Whalen's personal tax returns are not relevant to any claim or counterclaim.[31]  Whale's relevance objection is sustained.

> **REQUEST FOR PRODUCTION NO. 3:** Please produce all corporate filings for Whale Capital, LP for the years 2016 through 2023.

> **RESPONSE:** Whale Capital objects to this ill-defined request on the grounds that it seeks information that lacks any relevance to the present matter.

---

[30] *See* Counterclaim, ECF No. 25, at 13-17.
[31] *Compare with Mack Energy Co. v. Red Stick Energy, L.L.C.,* No. 16-1696, 2019 WL 4752110, at *3-*5 (E.D. La. Sept. 27, 2019) (van Meerveld, M.J.) (compelling production of individual defendant's federal tax forms and schedules in commercial payment dispute and fraud litigation where requesting party had filed *alter ego* and corporate veil piercing claims against the individual defendant).

11

**REQUEST FOR PRODUCTION NO. 12:** Please produce all corporate documents and filings of Whale Capital, LP, including its current annual report.

**RESPONSE:** Whale Capital objects to this request on the grounds that it seeks information that lacks any relevance to the present matter.

Construing Whale's statement that Request No. 3 is "ill-defined" as a vagueness objection, same is sustained in part as to both Requests Nos. 3 and 12. Basic corporate documents (e.g., annual reports) fall within the scope of discovery in this matter, and the proposed time period is reasonable. Accordingly, Plaintiff must produce its annual reports for the years 2016-2022. To the extent Defendants seek additional corporate filings, Defendants must modify the request to specifically identify the other corporate documents sought.

**REQUEST FOR PRODUCTION NO. 4:** Please produce the Operating Agreement and all amendments for Whale Capital, LP.

**RESPONSE:** Whale Capital objects to this request on the grounds that it seeks information that lacks any relevance to the present matter.

**REQUEST FOR PRODUCTION NO. 13:** Please produce the Partnership Agreement/Shareholder Agreement for Whale Capital, LP.

**RESPONSE:** Whale Capital objects to this request on the grounds that it seeks information that lacks any relevance to the present matter.

Whale's relevance objections to both requests are overruled. Whale must produce its Partnership Agreement and/or Operating Agreement and any amendments thereto within fourteen (14) days.

**REQUEST FOR PRODUCTION NO. 77:** Please produce all company resolutions of Whale Capital, LP, and/or Whale Capital Management authorizing the loans referenced in the attached Exhibit 1.

**RESPONSE:** Whale Capital objects to this request as seeking information lacking relevance to the matters at issue in this case.

Whale's relevance objection is overruled as it has failed to establish that the resolutions have no conceivable relevance to any claim or defense in this litigation. Whale must produce any

resolutions of Whale Capital, LP authorizing the loans referenced in Exhibit 1 of its First Supplemental and Second Amended Complaint (ECF No. 22) within fourteen (14) days.

**D.  <u>Criminal History</u>**

Defendants also seek various documents regarding Michael Whalen's criminal history:

<u>**REQUEST FOR PRODUCTION NO. 9:**</u> Please produce all documents reflecting or relating to criminal charges against Michael Whalen at any time during the period 2000 to the present.

<u>**RESPONSE:**</u> Whale Capital objects to this request as seeking discovery from a non-party. Whale Capital also objects to this request as overbroad and seeking information lacking relevance to the matters at issue in this lawsuit.

<u>**REQUEST FOR PRODUCTION NO. 10:**</u> Please produce all communications, including correspondence, emails, and texts, to or from Michael Whalen relating in any way to criminal charges against him.

<u>**RESPONSE:**</u> Whale Capital objects to this request as seeking discovery from a non-party, Michael Whalen. Whale Capital also objects to this request as overbroad and seeking information lacking relevance to the matters at issue in this lawsuit.

<u>**REQUEST FOR PRODUCTION NO. 11:**</u> Please produce all communications, including correspondence, emails, and texts, to or from Michael Whalen relating in any way to criminal charges against him relating to any and all entered violations of any criminal judgment or order against him.

<u>**RESPONSE:**</u> Whale Capital objects to this request as seeking discovery from a non-party, Michael Whalen. Whale Capital also objects to this request as overbroad and seeking information lacking relevance to the matters at issue in this lawsuit.

Whale argues that Defendants have no right to information regarding the criminal history of Michael Whalen, its sole limited partner, because Whalen is a non-party.  ECF No. 79 at 11. Defendants, however, have asserted a counterclaim against Whale for Ridgeway's loss of investment and compensation for Whale's failure to apprise Ridgeway of Michael Whalen's criminal history, which history is alleged to have negatively impacted SCL's  ability to obtain financing.  ECF No. 25 ¶¶1-22 at 13-17.

Information about Whalen's criminal history, which is alleged to have impacted SCL's ability to obtain financing, is relevant to the stated counterclaim.  However, the scope of the requests is far too broad and implicates a litany of attorney-client privilege concerns.  Moreover, Whale Capital, LP is not the appropriate source from which to obtain Whalen's personal information.  As previously noted, Defendants have not asserted an *alter ego* claim against Whalen and/or Whale Capital.[32]  While the parties appear to dispute Michael Whalen's position within Whale Capital, LP (i.e., limited partner versus sole proprietor), Defendants have not established that Whale has any legal right to demand personal criminal history information from Whalen.[33]

## IV.    **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Compel (ECF No. 76) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.  Plaintiff must supplement its responses as ordered herein within fourteen (14) days of this Order

New Orleans, Louisiana, this ____28th____ day of February, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[32] *Cf. Uniden Am. Corp. v. Ericsson Inc.,* 181 F.R.D. 302, 306 (M.D.N.C. 1998) (noting that courts have found that a corporation controls another for Rule 34 purposes where one is the *alter ego* of the other corporation) (citing *Afros S.P.A. v. Krauss-Maffei Corp.,* 113 F.R.D. 127, 130 (D. Del. 1986)).

[33] *See Centerline Housing P'ship I, L.P.-Series 2 v. Palm Communities,* No. 21-0107, 2021 WL 4895746, at *7 (C.D. Cal. Sept. 2, 2021) (where requesting party had not presented sufficient evidence for court to determine whether responding party has control over the documents in third party's possession, including evidence demonstrating the legal right to obtain the documents, court could only require the responding party to comply with its discovery obligations to produce responsive documents in its possession, custody, or control); *cf. Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.,* 206 F.R.D. 392, 395 (D. Del. 1979) (in the case of two independent corporate entities, production of documents from third party entity may only be compelled when the respective business operations of each independent entity are "so intertwined as to render meaningless" their distinct corporate identities).

14