UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WHALE CAPITAL, L.P. | * | CIVIL ACTION |
| VERSUS | * | NO. 22-2570 |
| CHRISTOPHER M. RIDGEWAY, ET AL. | * | SECTION "P" (2) |

**ORDER AND REASONS**

Pending before me is a Motion for Expedited Consideration (ECF No. 85) filed by Defendants FS Properties of Florida, LLC, Christopher M. Ridgeway, and Stephanie S. Ridgeway on their Motion for Reconsideration (ECF No. 84) of the Court's February 28, 2024, Order and Reasons (ECF No. 83) granting in part and denying in part Defendants' Motion to Compel (ECF No. 76).

The Federal Rules of Civil Procedure do not provide specifically for motions for reconsideration.[1] Whether analyzed under Rule 54(b), Rule 59(e) or Rule 60(b), motions to reconsider "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[2] They are not the proper vehicle for rehashing evidence, legal theories, or arguments.[3] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[4]

Defendants request reconsideration of the court's decision that Plaintiff Whale Capital, L.P.'s production of documents in organized, clearly comprehensible folders satisfied Rule 34, claiming that this decision constitutes an error of law and must be reversed to prevent manifest

---

[1] *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004).
[2] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).
[3] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).
[4] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002).

1

injustice. ECF No. 84. Defendants repeat the argument raised in their Motion to Compel regarding Plaintiff's manner of document production and request that the court reconsider its earlier ruling with respect to eight specific requests for production. *Id*. at 2-6. Defendants' mere disagreement with the court's decision does not warrant reconsideration. Thus, to the extent Defendants repeat the same Rule 34 arguments that this court already considered in granting in part Defendants' Motion to Compel, the request for reconsideration is improper.

Defendants raise, for the first time, the argument that Plaintiff must identify specific documents responsive to certain requests because Plaintiff's allegations of fraud and deceit must be pled and proven with specificity pursuant to FED. R. CIV. P. 9(b). *Id*. at 6 & n.7. Although this Rule 9(b) argument may be compelling, Defendants raised it for the first time on reconsideration. The Fifth Circuit has made clear that motions for reconsideration are not the proper vehicle for raising arguments that could have been offered or raised before the entry of a decision.[5] And while "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting 'the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires,'"[6] the court must exercise its broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays.[7]

Defendants could, and should, have raised their Rule 9(b) concerns in their original Motion to Compel, but they neglected to do so. This Court will not exercise its discretion to permit the

---

[5] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)).
[6] *Muslow. v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.,* No. 19-11793, 2020 WL 4471160, at *2 (E.D. La. Aug. 4, 2020) (citing *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 337 (5th Cir. 2017) (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)) (internal citations and quotations omitted)).
[7] *See Calpecto 1981 v. Marshall Expl., Inc.,* 989 F.2d 1408, 1414-15 (5th Cir. 1993) ("if the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] ... the cycle of reconsideration would be never-ending"); *Domain Protection, LLC v. Sea Wasp, LLC,* No. 18-792, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) (court may use its discretion to prevent parties from raising new arguments for the first time) (citation omitted); 18B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. HOOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2019).

presentation of arguments seriatim,[8] particularly in light of the discovery deadline. Likewise, a request for reconsideration based on the same arguments previously rejected is improper. Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion for Expedited Consideration (ECF No. 85) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Reconsideration (ECF No. 84) is DENIED.

New Orleans, Louisiana this 1st day of March, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[8] *See Mi Familia Vota v. Fontes*, 344 F.R.D. 496, 528-29 (D. Ariz. 2023) (denying reconsideration of discovery order to allow party to use artificial intelligence (AI) to cut down the number of responsive documents where the party had never raised the possibility of using AI tools to search for documents before reconsideration motion) (citing *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) ("Motions for reconsideration are disfavored ... and are not the place for parties to make new arguments not raised in their original briefs. Nor is reconsideration to be used to ask the Court to rethink what it has already thought.")); *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc*., 364 F. Supp. 3d 758 (E.D. Mich. 2018) (denying reconsideration of discovery order because "a motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments.") (citation omitted) (cleaned up).